UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SYLVIA HOOKER,

Plaintiff,

v.                                              CASE No. 8:18-cv-946-T-TGW

ANDREW SAUL,
Commissioner of Social Security,

Defendant.

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[1] Because, contrary to the plaintiff's sole contention, the Appeals Council did not err in declining to review the administrative decision after the submission of additional evidence, the decision of the Commissioner of Social Security will be affirmed.

I.

The plaintiff, who was fifty-two years old at the time of the administrative hearing, and who has an eleventh grade education, has past

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

relevant work as a bus driver and custodian (Tr. 28, 72, 84). She filed a claim for Social Security disability benefits, alleging that she became disabled due to a left arm injury, arthritis in her neck and spine, a heart murmur, anxiety and left leg pain (Tr. 84). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "cervical spondylosis; history of left humerus fracture, comminuted, with slow healing, status post open reduction internal fixation (ORIF); and hypertension with heart palpitation/murmur without heart disease" (Tr. 22). He determined that, as a result of these impairments, the plaintiff had the following residual functional capacity (Tr. 24):

> [The ability to perform light work] as defined in 20 CFR 404.1567(b). Specifically, the claimant can occasionally lift up to 20 pounds, frequently lift and/or carry up to 10 pounds, she can stand and/or walk for about 6 hours and sit for about 6 hours in an 8-hour workday with normal breaks. With the left minor upper extremity, she should only occasionally engage in pushing and pulling, and on the left she can no more than frequently reach but not overhead (unlimited on the major right upper extremity). She should not climb ladders, ropes or scaffolds[.] She can occasionally climb ramps and stairs[.] She can frequently balance and stoop,

> occasionally kneel and crouch and she should not
> crawl. The claimant should avoid concentrated
> exposure to extreme cold and excessive noise and
> excessive vibration. She should avoid even
> moderate exposure to environmental irritants such
> as fumes, odors, dust, gases, and poorly ventilated
> areas, and she should avoid all industrial hazards,
> such as the use of industrial hazardous machinery
> and unprotected heights. With the left minor
> extremity, the claimant should avoid reaching and
> lifting repetitively.

The law judge found that, with these limitations, the plaintiff was unable to perform any past relevant work (Tr. 28). However, based on the testimony of a vocational expert, the law judge determined that the plaintiff could perform other jobs that exist in significant numbers in the national economy, such as mailroom clerk, sales attendant and survey worker (Tr. 29). The law judge therefore decided on June 14, 2017, that the plaintiff was not disabled (id.).

The plaintiff sought review by, and submitted new evidence to, the Appeals Council (see Tr. 2). The Appeals Council "found no reason under [its] rules to review the Administrative Law Judge's decision" (Tr. 1). It also discussed the new evidence, which consisted of treatment notes from Dr. Moethu Win dated October 18, 2017, and December 28, 2017 (Tr. 2, 36-39). The Appeals Council found that this "additional evidence does not relate

-3-

to the period at issue. Therefore, it does not affect the decision about whether [the plaintiff] w[as] disabled beginning on or before June 14, 2017," the date of the law judge's decision (Tr. 2). Accordingly, the Appeals Council let the decision of the law judge stand as the final decision of the defendant (Tr. 1). The plaintiff's appeal solely challenges the Appeals Council's conclusion.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's sole argument is that "[t]he Appeals Council erred by failing to find that there was new and material evidence warranting reversal or remand of the ALJ decision" (Doc. 26, p. 5). Any other challenge is deemed forfeited under the Amended Scheduling Order and Memorandum Requirements (Doc. 21). That Order provides that "[t]he Plaintiff must identify with particularity the discrete grounds upon which the administrative decision is being challenged" (id., p. 2). It requires further that "any such discrete challenges must be supported by citations to the record of the pertinent facts and by citations of the governing standards" (id.) "Any contention for which these requirements are not met will be deemed forfeited and not evaluated" (id.) See Access Now v. Sw. Airlines, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."); Sanchez v. Commissioner of Social Security, 507 Fed. Appx. 855, 859 n.1 (11th Cir. 2013) (claimant abandoned issues by not expressly raising them).

The new evidence is a total of four pages: a one-page summary of the plaintiff's October 18, 2017 visit with Dr. Moethu Win, and progress notes from her December 28, 2017 visit with Dr. Win (Tr. 36-39). This evidence post-dates the law judge's June 2017 decision by several months (see Tr. 29).

The Appeals Council considered the treatment records and denied the plaintiff's request for review based on this new evidence (Tr. 1, 2). The Appeals Council explained (Tr. 2):

> You submitted medical records from Dr. Moethu Win, dated October 18, 2017 (1 page), and medical records from Florida Heart Institute, dated December 28, 2017 (3 pages). The Administrative Law Judge decided your case through June 14, 2017. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before June 14, 2017.

The plaintiff made only a passing reference to the reason why the Appeals Council denied review (Doc. 26, p. 6) ("The Appeals Council determined that this evidence was not material to the period of time adjudicated by the Administrative Law Judge."). The plaintiff made no attempt to show that the Appeals Council's reason was erroneous.

Accordingly, the Appeals Council's basis for denying review stands unchallenged.

The applicable regulation provides the following standard for reviewing decisions:

> [T]he Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.

20 C.F.R. 404.970(a)(5) (2017).

The plaintiff, therefore, has to overcome four hurdles in order to prevail on this claim. Thus, she must show that (1) the evidence relates to the period on, or before, the date of the law judge's decision, (2) it is new, (3) the evidence is material and (4) there is a reasonable probability that the additional evidence would change the outcome of the decision. The plaintiff cites to an outdated regulation (Doc. 26, pp. 5-6). Therefore, she clearly has not meaningfully addressed these hurdles, and has only shown that the evidence is new. Consequently, especially in view of the Scheduling Order and Memorandum Requirements, the plaintiff's undeveloped challenge to the Appeals Council's denial of review fails.

It is, therefore, upon consideration,

ORDERED:

That the Commissioner's decision is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 23rd day of September, 2019.

*Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE